**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| ADAPTIVE AVENUE ASSOCIATES, INC., | § § § | |
| *Plaintiff,* | § § § | |
| *v.* | § § § | **CASE NO. 7:25-CV-00186-DC-DTG** |
| BEST BUY CO., INC. et al., | § § § | |
| *Defendants,* | § § | |

**REPORT & RECOMMENDATION TO**
**DENY DEFENDANT'S MOTION TO DISMISS (DKT. NO. 27)**

**TO:     THE HONORABLE DAVID COUNTS,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendants, Best Buy Co., Inc., Best Buy Stores, L.P., and Bestbuy.com, LLC's motion to dismiss (Dkt. No. 27). After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **DENIED.**

## I.     BACKGROUND

The plaintiff, Adaptive Avenue Associates, Inc., filed this lawsuit accusing the defendants Best Buy Co., Inc., Best Buy Stores, L.P., and Bestbuy.com, LLC., of patent infringement. Dkt. No. 1. Since this motion to dismiss was originally filed, Best Buy Co., Inc. and Best Buy Stores, L.P. were voluntarily dismissed from this case. Dkt. Nos. 40, 41. The parties stipulated that all pending motions brought by the defendants, including this motion, are unaffected by the

stipulation of dismissal. *See* Dkt. No. 40. Thus, BestBuy.com, LLC is the sole defendant in this case. The plaintiff accuses the defendant of infringing on U.S. Patent No. 7,171,629 and U.S. Patent No. 7,428,707. Dkt. No. 1 at ¶¶ 48, 66. The '629 Patent describes a system and method to create and display a presentation on a website. Dkt. No. 1 ¶ 13. The '707 Patent relates to the manner in which a user and/or developed of the World Wide Web presents and/or accesses a website; specifically, to a system and method to enable multiple types of automated navigation through a plurality of website addresses. Dkt. No. 1 ¶ 18. The defendant moves to dismiss the plaintiff's complaint, alleging that the asserted patents are invalid under 35 U.S.C. § 101 because they fail the two-step test for determining whether a patent is directed to an unpatentable abstract idea under *Alice.* Dkt. No. 27 at 1. The motion is fully briefed, and the Court finds that a hearing is unnecessary. Dkt. Nos. 14, 19, 21.

## II.    ANALYSIS

The defendant brings its motion under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 27 at 1. When considering a motion to dismiss under Rule 12(b)(6), the Court assumes that the facts alleged in the complaint are true, then asks whether those facts allege a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–84 (2009). The Court views all well-pleaded facts in the light most favorable to the plaintiff but disregards bare conclusory allegations. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Courts can resolve patent eligibility at the pleading stage "only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic record and Rule 12 record in favor of the non-movant." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, courts have long recognized that laws of nature, natural phenomena, and abstract ideas are not patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citations omitted). The Court must first determine whether the claims at issue are directed to a patent-ineligible concept. *Id.* at 217. If they are, then the Court proceeds to the second step, which considers whether the elements of each claim both individually and as an ordered combination transform the claim into a patent-eligible application of the concept. *Id.* (internal citations omitted). Patents issued by the United States Patent and Trademark Office enjoy a presumption of validity and eligibility, which must be overcome by clear and convincing evidence. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (citation omitted) (holding that failure to presume that issued patents are valid and patent eligible constitutes error).

Evaluating the claims under the *Alice* test can be done as a matter of law unless the parties raise disputed issues of fact—such as whether the patent claims include an inventive concept. The Court finds that there are disputed issues of fact that preclude a finding of patent-ineligibility at the motion to dismiss stage. The defendant argues that claim 11 of the '629 Patent is representative of all claims. Dkt. No. 27 at 8-9. The defendant further argues that claim 11 of the '629 Patent is directed at an unpatentable abstract idea of collecting, organizing, and sequentially displaying information, failing at step one of the *Alice* test. Dkt. No. 27 at 10. The defendant also contends that claim 11 of the '629 Patent fails the *Alice* test because it does not improve computer technology and can be carried out entirely by a human. Dkt. No. 27 at 11-

16. The plaintiff argues that claim 11 of the '629 Patent is not representative of claims 1 and 7 of the '707 Patent. Dkt. No. 29 at 10. Further, the plaintiff asserts that claim 11 recites patent eligible specialized technology that improves computer functionality. Dkt. No. 29 at 13. The plaintiff argues that the defendant has disregarded key limitations of claim 11, the specification characterizing the invention against the background art, and the allegations in the Complaint, which must be taken as true at the motion to dismiss stage. Dkt. No. 29 at 11.

Considering the above, the Court believes that the most prudent approach for a § 101 invalidity analysis is to conduct it on a full record. *Aeritas, LLC v. Off. Depot, LLC*, No. 6:22-cv-00986-ADA-DTG, 2024 WL 1336487, at *1 (W.D. Tex. Mar. 28, 2024) (citations omitted), report and recommendation adopted, No. W-22-CV-00986-ADA, 2024 WL 1624734 (W.D. Tex. Apr. 15, 2024) (noting that a determination of invalidity under § 101 is rarely appropriate at the pleading stage). Even if the Court were to determine that the asserted claims are directed to a patent-ineligible concept, plausible factual disputes exist here that preclude finding the asserted claims ineligible in step two of the *Alice* test at the motion to dismiss stage.

Because an issued patent is presumed valid, requiring clear and convincing evidence to prove otherwise, and claim construction and fact discovery could affect the § 101 analysis, the undersigned finds that delaying the determination of patent eligibility until the summary judgment stage is the more measured approach. Given the factual disputes presented, the undersigned **RECOMMENDS** that the Court **DENY** the defendant's motion to dismiss under 35 U.S.C. § 101 without prejudice to refiling at the summary judgment stage.

### III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant, Bestbuy.com, LLC's motion to

dismiss (Dkt. No. 27) be **DENIED** without prejudice to raising patent ineligibility at the summary judgment stage.

## IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 5th day of February, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE