### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

|  |  |  |
|---|---|---|
| **ADAPTIVE AVENUE ASSOCIATES, INC.,** *Plaintiff,* | § § § § § § § § § § § § | **MO:25-CV-00186-DC** |
| **v.** |  |  |
| **BESTBUY.COM, LLC,** *Defendant.* |  |  |

### ORDER

Before the Court is United States Magistrate Judge Derek T. Gilliland's Report and Recommendation (Doc. 43), concerning Defendants'[1] Motion to Dismiss (Doc. 27). The R&R recommends that Defendant's motion to dismiss under 35 U.S.C. § 101 be denied without prejudice to re-urging patent ineligibility at summary judgment. Having reviewed the R&R, the objections, and the relevant portions of the record, the Court **OVERRULES** the objections, **ADOPTS** the R&R, and **DENIES** the motion.

### I.    Standard of Review

A district court reviews *de novo* those portions of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3).

---

[1] Since the Motion was originally filed, Defendants Best Buy Co., Inc. and Best Buy Stores, L.P. were voluntarily dismissed from the case. Docs. 40, 41.

## II.   Discussion

Defendant moves under Rule 12(b)(6) to dismiss Plaintiff's complaint for patent infringement on the ground that the asserted claims are ineligible under Section 101 of the Patent Act. The R&R correctly identifies the governing framework and explains why, on this Rule 12 record, dismissal is not warranted, at least at this time.

As an initial matter, Best Buy disputes the R&R's characterization of § 101 dismissal at the pleading stage as "rarely appropriate," noting that the Federal Circuit has affirmed dismissal based on patent ineligibility at the motion-to-dismiss stage regularly—in fact, "about 45 percent of the time." Doc. 44 at 7 (citing *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (collecting cases)). Regardless of how often § 101 is resolved at the pleading stage, the Court need not wade into a debate about frequency. Eligibility may be decided on a motion to dismiss in an appropriate case, but the question is whether dismissal is warranted on this Rule 12 record—whether there are no plausible factual disputes after drawing reasonable inferences in Plaintiff's favor. *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

Applying that standard here, the Court agrees with the R&R that the briefing raises disputes relevant to the § 101 analysis—including disputes over conventionality. The R&R further notes that claim construction and fact discovery could affect the eligibility analysis. On this record, Best Buy has not shown that the asserted claims are ineligible as a matter of law. Best Buy may renew its § 101 arguments at summary judgment on a developed record. Nothing in this Order should be construed as a determination that the asserted claims are patent eligible.

Defendant also requests oral argument. The Court finds that oral argument is unnecessary to resolve the motion and objections.

### III.  Conclusion

Defendant's objections (Doc. 44) are **OVERRULED**. The R&R (Doc. 43) is **ADOPTED**.

It is so **ORDERED**.

SIGNED this 25th day of February, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

3